**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:02-CR-606 CAS |
| | ) | |
| BRIAN WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is defendant's second motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). On June 3, 2008, the Honorable Stephen N. Limbaugh, Sr.[1] held defendant was not entitled to a reduction in sentence under Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses, because defendant was sentenced on a quantity of heroine, not crack, and therefore Amendment 706 was not applicable. Defendant now argues that he is entitled to a reduction pursuant to Amendment 599.

Section 3582(c)(2) strictly limits a court's ability to modify a term of imprisonment. The statute provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that– . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1]Following Judge Limbaugh's retirement, the above-captioned cause of action was reassigned to the undersigned.

18 U.S.C. § 3582(c)(2).

Under the language of the statute, this Court's authority to modify a final judgment is limited to the situation where a defendant was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Defendant argues his sentence should be reduced pursuant to Amendment 599. Amendment 599, however, became effective November 1, 2000, <u>before</u> defendant was sentenced on February 27, 2004. See U.S.S.G.App. C.

Because Amendment 599 was in effect when defendant was originally sentenced, he received the benefit of this amendment and his term of imprisonment was not based on a sentencing range that was later lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's second Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**. [Doc. 630]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   10th    day of June, 2009.